**UNITED STATES of America,
Plaintiff,**

v.

**Fanny DeAMARIS and Carlos Romero–Panchano, Defendants.**

**No. CRIM. H–03–182.**

United States District Court,
S.D. Texas,
Houston Division.

Dec. 1, 2005.

Financial Litigation, U.S. Attorney's Office, Southern District of Texas, U.S. Marshal—H, U.S. Pretrial Svcs—H, U.S. Probation—H, Jeff B Vaden, Asst. U.S. Attorney, Houston, TX, for Plaintiff.

Thomas S. Berg, Federal Public Defender, Houston, TX, for Defendants.

_____

### SENTENCING MEMORANDUM

LAKE, District Judge.

Defendants have objected to the application of Guideline § 3A1.4(a). The effect of this application is to increase each defendant's base offense level to 32 and to in-crease each defendant's criminal history category to VI.

Defendants pleaded guilty to providing material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B. The indictment alleged, and defendants admitted, that they provided material support and resources to the United Self–Defense Forces of Colombia, also known as the "Autodefensas Unidas de Colombia," a designated foreign terrorist organization.

Section 3A1.4(a) applies "[i]f the offense is a felony that involved, or was intended to promote, a federal crime of terrorism." Application Note 1 of the Commentary to this section states:

> 1. 'Federal Crime of Terrorism' Defined—For purposes of this guideline, 'federal crime of terrorism' has the meaning given that term in 18 U.S.C. § 2332b(g)(5).

.18 U.S.C. § 2332b(g)(5) states:

> (5) the term 'Federal crime of terrorism' means an offense that—
>
> > (A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and
> >
> > (B) is a violation of (1) ... section ... 2339B (relating to providing material support to terrorist organizations)
>
> . . . .

The government contends that § 3A1.4(a) applies because defendants' offenses of conviction are calculated to influence or affect the conduct of the government of Colombia by intimidation or coercion. The government does not contend that defendants' conduct is calculated to influence or affect the conduct of the government of the United States by intimidation or coercion. Defendants do not dispute that § 3A1.4(a) applies if it embraces an offense that is calculated to in-

fluence or affect the conduct of the government of Colombia by intimidation or coercion, but defendants argue that it does not apply because the word "government" as used in 18 U.S.C. § 2332b(g)(5)(A) is limited to the United States government.

Neither party has provided the court with any controlling case authority, and the court's independent research has not located any controlling case authority. Having carefully considered the parties' arguments and having conducted its own research, the court is persuaded that the most reasoned approach to defining the word "government" as used in § 2332b(g)(5)(A) is to define "government" as including any government, foreign or domestic, and not to limit it to the United States government.

The word "government" is used in a number of contexts throughout chapter 113B of title 18, United States Code. Congress was very precise in its use of the term "government." In many instances the word appears without modification, and in others it is modified to narrow its meaning.

The word "government" appears unmodified in the definition of "international terrorism" in 18 U.S.C. § 2331(1)(B)(ii) and (iii), and in the definition of "domestic terrorism" in 18 U.S.C. § 2331(5)(B)(ii) and (iii). These definitions distinguish between "international" and "domestic" terrorism not by the meaning of the word "government," which appears unmodified in both definitions, but by including a subsection specifying whether the activities occurred within or outside of the territorial jurisdiction of the United States. 18 U.S.C. §§ 2331(1)(C) & (5)(C). The word "government" also appears unmodified in the section dealing with limitations on prosecution in 18 U.S.C. § 2332(d), in the definition of "federal crime of terrorism" in 18

U.S.C. § 2332b(g)(5)(A), and in the offense portion of 28 U.S.C. § 2339C(a)(1)(B).

The word "government" appears in modified form as part of a longer phrase in the term "government of that country" in 18 U.S.C. § 2332d(a), in the term "government facility" in 18 U.S.C. § 2332f(a)(1), (b)(2)(E) and (e)(3), and in the term "government facility" in § 2339C(b)(1)(E)(ii) and (e)(2). These two sections using the term "government facility" aid in interpreting the word "government" because they actually define "government facility" as

> any permanent or temporary facility or conveyance that is used or occupied by representatives of a state, members of a government, the legislature or the judiciary or by officials or employees of a state or any other public authority or entity or by employees or officials of an intergovernmental organization in connection with their official duties.

18 U.S.C. §§ 2332f(e)(3), 2339C(e)(2). "State" is further defined as having "the same meaning as that term has under international law, and includes all political subdivisions thereof." *Id.* at §§ 2332f(e)(14) & 2339C(e)(14). These two sections use the word "government" without any modification that would limit its application to a United States government facility. That such a limitation was not intended by Congress is made manifest in defining "state" by referring to its meaning in international law, which would include a foreign nation such as Colombia.

18 U.S.C. § 2332b(b)(1)(C) modifies "government" by using the term "United States Government." This usage indicates that when Congress intended to limit government to that of the United States it expresses this limitation by modifying government to refer specifically to the "United States Government."

Congress has provided further guidance as to the meaning of "government" in its unmodified form. In the legislative history of 18 U.S.C. § 2332(d), Congress stated that "[n]either the government nor civilian population, or segment thereof, has to be that of the United States." H.R. REP. No. 99–783, at 88 (1986) (Conf.Rep.).

For the reasons explained above, the court concludes that the word "government" as used in § 2332b(g)(5)(A) includes foreign governments and is not limited to the government of the United States. Accordingly, Guideline § 3A1.4 applies to both defendants.

This Sentencing Memorandum will be filed and provided to all parties. A copy of the Sentencing Memorandum will be attached to each defendant's Statement of Reasons.