# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 06-20523
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDGAR FERNANDO BLANCO PUERTA,
also known as Commandant Emilio

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-714-4

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is an appeal in a criminal case. Defendant-Appellant Edgar Fernando Blanco Puerta pleaded guilty to conspiracy to "provide material support or resources to a foreign terrorist organization," in violation of 18 U.S.C. § 2339B, and to conspiracy with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The District Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applied a sentencing enhancement for an offense involving or promoting a "federal crime of terrorism." U.S.S.G. § 3A1.4(a). Puerta did not object to the sentencing enhancement in the District Court. Nevertheless, Puerta now appeals the sentencing enhancement. We affirm.

We review the decision of the District Court for plain error. See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005) (holding that the plain error standard applies when a defendant fails to object to a sentencing enhancement) (citations omitted). We find plain error only when "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." Id. (citations omitted). If all three conditions are met, we have "discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 358-59 (emphasis added) (internal quotations omitted).

There is no plain error in this case. A "'federal crime of terrorism" is "an offense that – (A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and (B) is a violation of ... [18 U.S.C. §] 2339B." 18 U.S.C. § 2332b(g)(5); see U.S. Sentencing Guidelines Manual § 3A1.4 cmt. (n.1) (2004) ("For the purposes of this guideline, 'federal crime of terrorism' has the meaning given that term in 18 U.S.C. § 2332b(g)(5).").

Puerta's conviction falls squarely within the definition of a "federal crime of terrorism" in § 2332b(g)(5). Puerta pleaded guilty to violating § 2339B. Specifically, Puerta and his co-conspirators sought to trade drugs and money for weapons to supply the United Self Defense Force of Colombia, a designated foreign terrorist organization that opposes the Colombian government. Puerta's argument that § 2332b(g)(5) applies only to the government of the United States is unavailing. The relevant text refers broadly to "government," § 2332b(g)(5), in contrast to other subsections which specify "the United States Government,"

§2332b(b)(1)(c). See United States v. DeAmaris, 406 F. Supp. 2d 748, 749-51 (S.D. Tex. 2005) (holding that "the word 'government' as used in § 2332b(g)(5)(a) includes foreign governments and is not limited to the government of the United States"). Accordingly, we find no plain error in the District Court's decision to apply the sentencing enhancement in U.S.S.G. § 3A1.4(a).

AFFIRMED